| | | |
|---|---|---|
| *CASSANDRA SHAW,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 1:09-cv-455-JAW* |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| *Defendant* | ) | |


**RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES**

The plaintiff moves for an award of attorney fees in the amount of $6,200.00 under 42 U.S.C. § 406(b). Plaintiff's Motion for Award of § 406(b) Fees ("Motion") (Docket No. 20) at 1. Unlike the usual motion seeking an award of attorney fees in a Social Security benefits case, here there is no disagreement about the amount of the award. Defendant's Response to Plaintiff's Counsel's Motion for an Award of Attorney's Fees Pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b) ("Response") (Docket No. 21) at 5 ("The Commissioner asserts that Plaintiff's Counsel's request for $6,200.00 in [§] 406(b) attorney's fees is reasonable."). The parties disagree only as to the mechanism of payment of this fee. For the reasons that follow, I recommend that the motion be granted, not in the "net" amount requested, but rather in the full amount with the excess refunded to the plaintiff by her counsel in the usual course.

Section 406 provides, in relevant part:

Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The making of an application for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

In this case, the court has already awarded plaintiff's counsel attorney fees under EAJA in the amount of $2,973.60. Docket No. 18. The plaintiff paid her attorney an additional $3,530.00 from the past-due benefits she received through her attorney's efforts in this case. Motion at 6 & Exh. 3.[1] The plaintiff's attorney asks that the court allow him "to offset the EAJA refund and send the difference of $303.60 to" his client, Motion at 6, which he has apparently already done. Plaintiff's Reply Memorandum re Award of § 406(b) Fees ("Reply") (Docket No. 22) at 2 n.2.[2]

The defendant maintains that "this Court should order that Plaintiff's counsel be paid the entire $6,200.00 and, consistent with the law, that Plaintiff's counsel refund the $6,503.60

---

[1] Counsel for the plaintiff refers to this payment as "voluntar[y]." Motion at 6. It appears from the letter that accompanied the payment, Exh. 3 to Motion, that payment in that amount was requested by the attorney.
[2] I assume that the amount stated in the reply as having been "refunded," $303.40, Reply at 2 n.2, is a typographical error and that the amount actually returned to the plaintiff was $303.60 [$6,200-$2,973.60-$3,530=($303.60)].

[$2,973.60 + $3,530] he has received in EAJA fees and from Plaintiff herself, to Plaintiff."

Response at 5. This is so, he contends, because, once this court approves a § 406(b) fee in the

amount of $6,200.00, the commissioner must pay that amount to the attorney; he cannot "prevent

the payment of those fees." *Id*. at 4. Specifically, he points to the following language from the

statute:

> Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the
> court may determine and allow as part of its judgment a reasonable fee
> for such representation, not in excess of 25 percent of the total of the
> past-due benefits to which the claimant is entitled by reason of such
> judgment, and the Commissioner of Social Security may . . . certify the
> amount of such fee for payment to such attorney out of, and not in
> addition to, the amount of such past-due benefits. In case of any such
> judgment, no other fee may be payable or certified for payment for such
> representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

The plaintiff responds that the motion seeks authorization of fees paid pursuant to her

contract with her attorney, not for an order pursuant to which the defendant could certify

payment under the statute, Reply at 1-2, and points out that net fees "appear to be routinely

approved by district courts in many other districts." *Id*. at 2. There are at least two problems

with this argument.

First, in a purely contractual relationship, no court blessing of the parties' acting in

accordance with the contract's terms would be available. It is precisely because attorney fees in

Social Security benefit appeals are controlled by statute, a statute that requires court approval of

any fee award, that this is not merely a matter of interpreting or applying the terms of a contract

between the plaintiff and her attorney.

Second, while the cases cited by the plaintiff do award "net" attorney fees under section

406(b) when EAJA fees have already been paid, none of them involves payment of attorney fees

by the client out of the past due benefits that have been reduced in order to pay attorney fees directly to his or her lawyer, so that it is the client who has to wait for the delayed payment of the balance of the money due him or her rather than counsel. *See Roark v. Barnhart*, 221 F.Supp.2d 1020, 1022 (W.D.Mo. 2002)[3]; *Koester v. Astrue*, 482 F.Supp.2d 1078, 1080-81 (E.D.Wisc. 2007); *Hardisty v. Astrue*, No. 06-CV-1680-BR, 2009 WL 736630, at *3 (D. Or. Mar. 17, 2009); *Morrison v. Commissioner of Soc. Sec.*, No. 1:04-CV-454, 2008 WL 828863, at *3 (W.D.Mich. Mar. 26, 2008); *Buckingham v. Astrue*, No. 07-CV-159-JTC, 2010 WL 4174773, at *4 (W.D.N.Y. Oct. 25, 2010); *Diz v. Astrue*, No. 08-CV-1486, 2010 WL 322028, at *1 (E.D.N.Y. Jan. 26, 2010). That is the practical effect of the procedure implemented by the plaintiff's attorney in this case.[4]

Here, the plaintiff's attorney admits that the defendant withheld $6,000.00 from the award of past due benefits to the plaintiff to be used for attorney fees. Motion at 1 n.1. Yet he also alleges that "the Commissioner failed to withhold the fee, despite his statutory obligation to do so," and asserts that therefore "the matter is now one to be settled between client and attorney." Reply at 3.[5] But, the defendant did withhold part of the award. Contrary to the plaintiff's citation of *Koester*,[6] Reply at 3, the court in that case did not hold that "the matter

---

[3] The fact that the commissioner's attorney cited *Roark* "in his recently filed memorandum" in another Social Security fee case, Reply at 2, and that a fee award was made by this court in that case, does not and cannot mean that this court approved or adopted the opinion in that case, which it did not cite in its opinion. *Siraco v. Astrue*, No. 2:09-cv-384-DBH, 2011 WL 2133556 (D. Me. May 25, 2011).

[4] I reject the plaintiff's contention that the defendant's role in attorney fee requests "should be limited to a recommendation to the court as to the reasonable fee." Motion at 2 n.3, citing *Cotter v. Bowen*, 879 F.2d 359 (8th Cir. 1989). The holdings in both that case and the case cited in the excerpt quoted by the plaintiff, *Coup v. Heckler*, 834 F.2d 313 (3d Cir. 1987), were based on the lodestar method of calculating fees, which the Supreme Court rejected for Social Security cases in *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). In addition, and more importantly, the instant case illustrates why such a limitation would be too narrow.

[5] If this were merely a matter to be settled between client and attorney, I doubt that the plaintiff's attorney would be seeking court approval of that agreement, nor would it be available. The statute quoted above clearly makes this a matter for judicial approval, whatever the agreement, if any, between counsel and client.

[6] The plaintiff fails to provide a pinpoint citation for this case authority.

[was] now one to be settled between client and attorney"; the court in that case itself awarded attorney fees under section 406(b). 482 F.Supp.2d at 1084.

Finally, as the defendant points out, Response at 4 n.2, the plaintiff has not shown that her payment of a fee in the requested amount directly to her attorney was approved by the defendant as required by 20 C.F.R. § 404.1720(b). While, as a practical matter, it might appear simpler for the court to approve what the attorney has done in this case, the potential for abuse in this end-run around the statute and regulation is real. The court cannot approve the method chosen by the plaintiff and her attorney.

### Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion be **GRANTED**, but in the amount of $6,200.00 and not in any "net" amount. The payment should be made to the attorney, and the necessary amount, $6,503.60 ($2,973.60 + $3,530), then returned by counsel to the plaintiff, in the usual manner.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 13th day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge